By the Court.—Curtis, J.
The purchaser objects *298 to the title, on the ground that. Mrs. Marie Alger, a married woman, was not divested of her' estate in the land by an intermediate conveyance executed November 27th, 1872, but which she did not “ on a private examination, separate and apart from her husband, acknowledge to have been executed by her without the fear or compulsion of her said husband.”
The objection is urged upon the ground that the act of 1849, authorizing a married woman to convey real estate “in the like manner” and “with the like effect as if she were unmarried,” was repealed by the provision in the 3d section of the act of 1860, that no such conveyance, with certain immaterial exceptions, “shall be valid without the assent in writing of her husband.”
It is further urged, as an indication that it was the intention of the legislature to repeal by the act of 1860 the provision of the act of 1849, that in 1862 it amended the act of 1860 by restoring the words “with the like effect as if she were unmarried,” and which were in the act of 1849, omitting the words, “in the like manner,” which were also in the act of 1849.
Under the common law, a wife could only convey her own inheritance by joining with her husband in a fine, and it must appear upon her examination to be voluntary and free from constraint, and then, if she were of age, the fine bound her as if she had been sole (1 Bac. Air. 304). As a matter of convenience a system grew up in the colonies of a wife conveying her real estate by joining in a deed with her husband. This seems to have been supported upon the ground of usage and custom, and the maxim communis error facet jus.
The Colonial Act of 1771 (611), confirms these conveyances, and incorporates in the statute the requirement of the common law when the wife joins in a fine, by directing that thereafter the officer taking the acknowledgment shall set forth in his certificate that the wife had been privately examined, and confessed that she executed the *299 deed freely, without any fear or compulsion of her husband.
This has remained substantially the law in this State, until, in 1849, the legislature authorized married women to convey “in the like manner” and “with the like effect” as if they were unmarried. In Wiles v. Peck (26 N. Y. 46), Judge Selden thought that if the question had been then first presented, he would be inclined to hold that the act of 1849 had not repealed the pre-existing statutes respecting acknowledgments by married women, on the ground that there was no express repeal, and a repeal by implication is never held to take place where both acts may stand together. But he adds that the contrary has been held, and it is too late now to question that conclusion involving many titles (Blood v. Humphrey, 17 Barb. 660 ; Andrews v. Shaffer, 12 How. 441; McIlvain v. Kadel, 3 Robt. 434 ; Yale v. Dederer, 18 N. Y. 271). The learned judge seems to recognize and acquiesce in that benignant interpretation and construction of the statutes respecting the acknowledgments of conveyances, which the courts, both of the Province and State of New York, have been inclined to make, so as to avoid the disturbance of titles (Preamble Act, 1771; Jackson v. Schoonmaker, 2 John. R. 234; Jackson v. Gilchrist,15 John. R. 114).
There appears to be no decision directly affecting the question raised in the present case by the appellants, and there are certainly no precedents requiring any forced or constrained interpretation of the act of 1860, especially one that would tend to disturb probably many titles.
The act of 1860 makes no reference whatever to the act of 1849. It is entitled differently, and makes no change in the law of 1849 in respect either to the form of the conveyance by a married woman, or as to the manner of its acknowledgment. It requires the assent in writing of the husband to the conveyance as essential *300 to its validity. It might have required also, as in some of the States, that it should have two subscribing witnesses, and be left for record. But though it is in the power of the legislature to make all these conditions essential to its validity, it is not to be inferred by a court that the legislature intended, by imposing any such conditions, to thereby revive a statute requiring a special form of acknowledgment of such a conveyance, that had been for many years repealed and so held by an unbroken chain of decisions.
There is nothing in the act of 1860 that shows even any latent intention to change the manner of the acknowledgment of this class of conveyances. Our local laws for more than a century, in respect to the execution of deeds, have been simple, clear, and specific, and intended for the ready comprehension of every class of persons. It would be very undesirable to exercise any ingenuity ,to discover and give effect to an implied intention that would be oppressive and disastrous. But there is nothing on the face of the act of 1860, or otherwise, that discloses any disposition or intent by its passage to affect the acknowledgment of conveyances as authorized by the act of 1849.
The invariable rule of construction is, that the earliest act remains sin force unless in the latest act some express notice is taken of the former plainly indicating an intention to repeal it. The courts are bound to uphold the prior law if the two acts can be construed together (Bowen v. Leak, 5 Hill, 223). No difficulty exists in construing the provisions of the acts of 1849 and 1860 together, as far as the form of acknowledgment is concerned, on account of any repugnancy between them, and nothing thus far calls for a construction on the part of the court favorable to the views urged by the appellants. i
It now remains for us to consider the effect of the act of 1862, which declares that a married woman may con *301 vey her real estate “with the like effect in all respects as if she were unmarried.”
If we look at the title of the act, it will "be seen that it is simply amendatory of the act of 1860. Neither the title of the bill nor any of its provisions indicate any intention to change or affect the form of acknowledgment established and recognized as authorized under the act of 1849. The manner of the acknowledgment of a married woman having been established under the act of 1849, and remaining unaffected by the act of 1860, it was unnecessary for the legislature to re-enact or legislate upon the subject further, and they consequently very properly omitted the words “inlike manner ” from the act of 1862 ; it was manifestly their intention not to interfere with the established mode of acknowledgments either by the acts of 1860 or 1862. It is just and reasonable to conclude that if they had intended to make any change they would have given some notice of it, and not left it to be sought for by any deduction of ingenious inference or obscure implication.
The order appealed from should be affirmed, with costs.